UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEVERICK LEWIS,<br><br>                    Plaintiff,<br><br>v.<br><br>CATES, et al.,<br><br>                    Defendants. | Case No.: 15-cv-791-DMS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PARTIAL MOTION TO DISMISS COMPLAINT**<br><br>**[ECF No. 9]** |

This Report and Recommendation is submitted to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss be **GRANTED** and that Claims One and Three be dismissed with leave to amend as specified below.

# I. PROCEDURAL HISTORY

## A. Federal Proceedings

Plaintiff Brian Deverick Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 3). On April 9, 2015, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also asserts jurisdiction under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"), and 28 U.S.C. §§ 2201 and 2202. (*Id.* at 1).

Plaintiff's Complaint sets forth three claims alleging his constitutional rights were violated when prison personnel: (1) assigned him to Administrative Segregation ("Ad-Seg") for twenty days because the prison lacked proper accommodations for his disability and denied release despite his repeated requests; (2) denied him a religious meal despite his repeated requests; and (3) returned him to Ad-Seg for an additional thirty-two days because the prison again lacked proper accommodations for his disability. (*Id.* at 3-11). Plaintiff asks the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over an additional negligence claim arising from the denial of his religious meal. (*Id.* at 1, 9).

Plaintiff seeks injunctive relief requiring Defendants to accommodate his religious diet, damages in the sum of $50,000 and declaratory relief that he is entitled to receive a religious meal while he is a California Department of Corrections and Rehabilitation ("CDCR") inmate. (*Id.* at 13).

On September 14, 2015, Defendants filed a Partial Motion to Dismiss the Complaint. (ECF No. 9). Defendants do not challenge Plaintiff's second claim, negligence claim, RLUIPA or ADA claims. On October 21, 2015, Plaintiff filed a Motion for Extension of Time to File Opposition. (ECF No. 12). The Court granted the Motion and gave Plaintiff until October 30, 2015, to file an opposition. (ECF No. 13). On November 8, 2015, the date of his signature on the proof of service, Plaintiff filed an Opposition. (ECF No. 14 at 7).

## II. LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice." *Iqbal*, 556 U.S. at 678. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890,

895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

Plaintiff claims he exhausted all available administrative remedies and complied with the California Government Tort Claims Act. (ECF No. 1 at 12). Defendants do not challenge these assertions.

#### A. Claim One: Due Process

##### 1. Background Facts

All facts are taken from the Complaint and are not to be construed as findings by the Court.

On June 19, 2012, CDCR staff designated Plaintiff as disabled. (*Id*. at 3 ¶ 1). Plaintiff does not specify the exact nature of his disability but claims he has a mental illness requiring medication. (*Id*. at 5 ¶ 33, 11 ¶ 97). Plaintiff was transferred from California Men's Colony State Prison to Richard J. Donovan Correctional Facility ("RJD") due to his disabled designation. (*Id*. ¶ 2). Plaintiff was placed in Ad-Seg upon his arrival at RJD on September 14, 2012. (*Id*. ¶ 3, 4). Plaintiff claims he was placed in Ad-Seg because RJD did not have the space available in the general prison population housing to accommodate Plaintiff's disability. (*Id*.). Plaintiff alleges his disability requires him to be in

1  "Lower Bunk Lower Tier" housing. (*Id.* ¶ 2). Plaintiff does not allege
2  that his Ad-Seg cell was not handicap accessible.
3        On September 15, 2012, Plaintiff filed a Form 3030 religious meal
4  request and a Form 22 appeal requesting a religious meal, clothing,
5  reading and writing materials and release from Ad-Seg. (*Id.* ¶ 5).
6  Plaintiff addressed these appeals to Defendants RJD Warden Daniel
7  Paramo and CDCR Chaplain Alan Khan. (*Id.* ¶¶ 5-7, 6 ¶ 35). Neither
8  Paramo nor Khan responded. (*Id.* ¶ 8).
9        On September 17, 2012, Captain Sanchez spoke with Plaintiff
10 about his Ad-Seg placement. (*Id.* ¶ 9). Plaintiff requested immediate
11 release from Ad-Seg. (*Id.* at 4 ¶ 10). Sanchez told Plaintiff that due to
12 RJD's inability to properly accommodate his disability in the general
13 population he would remain in Ad-Seg. (*Id.* ¶ 11).
14       Plaintiff alleges San Diego, California experienced two heat waves
15 between September 14 and September 30, 2012. (*Id.* ¶ 16). RJD Ad-
16 Seg does not have an air-conditioning system and Plaintiff alleges that,
17 during the heat waves, the temperature in Plaintiff's cell would rise
18 above ninety degrees for several hours each day. (*Id.* ¶¶ 17-20).
19 Plaintiff asserts that RJD had a heat plan to mitigate heat problems
20 but Ad-Seg staff failed to implement it. (*Id.* ¶ 21). Plaintiff claims he
21 began to experience migraine headaches, as reflected in his medical
22 records. (*Id.* ¶ 22).
23       On September 26, 2012, Plaintiff became "intensely distraught"
24 about his Ad-Seg confinement. (*Id.* ¶ 14). On September 27, 2012,
25 Plaintiff submitted a Form 22 appeal to Paramo requesting release from

1  Ad-Seg and a religious meal. (*Id.* ¶ 12). Plaintiff also submitted Form
2  602 grievances to the Ad-Seg lieutenant and sergeant requesting
3  release from Ad-Seg. (*Id.* ¶ 13). Plaintiff contemplated suicide. (*Id.* at
4  5 ¶ 23). Plaintiff notified Correctional Officer Russell during a security
5  check that he was suicidal but was ignored. (*Id.* ¶¶ 24-25).

6  On October 2, 2012, Plaintiff filed a petition for writ of habeas
7  corpus in state court complaining of his Ad-Seg confinement. (*Id.* ¶ 26).
8  In his petition, Plaintiff alleged that Defendants confined him to Ad-
9  Seg, denied him a religious meal and were deliberately indifferent to his
10 mental health. (*Id.* ¶ 27, 6 ¶ 36). Plaintiff served Paramo with a copy
11 of the petition on October 2, 2012, and also filed a Form 602 grievance
12 requesting immediate release from Ad-Seg and a religious meal. (*Id.* ¶¶
13 28-29).

14 After twenty days in Ad-Seg, Plaintiff was released into the
15 general prison population on October 2, 2012, and he reported to CDCR
16 medical staff. (*Id.* ¶¶ 30-31). Plaintiff claims medical staff determined
17 his mental condition had deteriorated during his stay in Ad-Seg and
18 doubled his psychotropic medications. (*Id.* ¶¶ 32-33).

19 **2. Summary of Arguments**

20 Plaintiff claims prison personnel violated his Due Process rights
21 by placing him in Ad-Seg due to his disability. (ECF No. 1 at 3).
22 Defendants argue Plaintiff cannot state a claim under § 1983 because
23 prisoners do not have a protected liberty interest in avoiding Ad-Seg
24 placement. (ECF No. 9 at 4).
25

### 3. Analysis

To plead a civil rights violation under § 1983, Plaintiff must allege: (1) a violation of a right secured by the Constitution and United States law; and (2) that a person acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff adequately alleges the second element because all Defendants are California state employees and acted in the course of their employment at CDCR. His claim turns on whether his Due Process rights were violated by his Ad-Seg placement.

A plaintiff alleging his Due Process rights were violated must meet two elements: (1) there is a protected liberty interest; and (2) the plaintiff was deprived of that interest without due process. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). The "range of interests protected by procedural due process is not infinite . . . . Due Process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (citing *Roth*, 408 U.S. at 570-571).

In Claim One, Plaintiff raises three Due Process challenges: the non-response to his grievances, the denial of his religious meal and the twenty-day Ad-Seg placement.

#### a. Grievance Process

Plaintiff alleges Defendants Paramo and Khan failed to respond to his grievances within the specified three-day time period regarding his Ad-Seg placement and denial of his religious meal. (ECF No. 1 at 3 ¶¶ 5-8).

It is well established that state prisoners do not have a recognized liberty interest in prison grievance procedures. S*ee Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding failure of prison officials to properly implement administrative appeals process in the prison does not give rise to constitutional concerns). A prisoner has "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (*reh'g denied*). Plaintiff's claim for denial of Due Process resulting from the failure of Paramo or Khan to respond to his grievances fails as a matter of law. Because Plaintiff cannot add new allegations that would establish a liberty interest in the grievance process, leave to amend this claim as to the grievance process should not be granted.

Accordingly, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss be **GRANTED** as to Claim One without leave to amend to the extent it rests upon Defendants' failure to respond to Plaintiff's grievances.

### b. Religious Meal

To the extent Plaintiff has a liberty interest in receiving a religious meal, this claim is subsumed within Plaintiff's second claim for violation of his freedom of religion. Because Defendants do not challenge Claim Two, this Court does not address it.

### c. Ad-Seg Placement

Plaintiff claims that his placement in Ad-Seg violated his Due Process rights. (ECF No. 1 at 3-5).

### i. Liberty Interest

"Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). "It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence . . . . [A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (abrogated on other grounds, *Sandin v. Conner*, 515 U.S. 472 (1995)).

But a protected liberty interest is properly pled when a Plaintiff alleges facts showing that his confinement in Ad-Seg "imposes atypical and significant hardship on [] [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *and see Serrano*, 345 F.3d at 1079.

Plaintiff does not allege sufficient facts in his pleading to show he endured an atypical and significant hardship. Specifically, he does not allege what his disability is, that his Ad-Seg housing was not handicap accessible, or that he endured anything different from and worse than non-disabled Ad-Seg inmates endured. The Court is left to guess that the alleged disability is his mental condition, and his description of how Ad-Seg placement aggravated his mental condition is threadbare.

Further, the United States Supreme Court has found that a stay in Ad-Seg of one month or less does not implicate a protected liberty interest. W*ilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citing *Sandin*, 515 U.S. at 485). Plaintiff admits that his stay in Ad-Seg lasted only twenty days. (ECF No. 1 at 5 ¶ 30). Plaintiff's stay in Ad-Seg does not implicate a liberty interest based solely on the length of his confinement there. *See Sandin*, 515 U.S. at 486 (stating that a prisoner's confinement to Ad-Seg for thirty days is neither atypical of confinement in Ad-Seg nor causes major disruption in a prisoner's environment); *see also Wilkinson*, 545 U.S. at 223 (stays in Ad-Seg of one month or less without more do not give rise to a protected liberty interest). Because Plaintiff has not alleged sufficient facts to show he had a protected liberty interest in avoiding Ad-Seg placement, his Due Process claim fails.

### ii. Deprived of Due Process

Further, Plaintiff's own admissions establish he received the due process that he alleges he was entitled to receive. When a prisoner is confined to Ad-Seg, prison officials are required to provide the prisoner with "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." *Helms*, 459 U.S. at 472. In the prison context, providing a prisoner such notice and hearing satisfies Due Process. *Id.*

1    Plaintiff argues that prison officials were required to respond to
2 his grievances concerning his Ad-Seg placement within three days.
3 (ECF No. 1 at 3-4 ¶ 8). By Plaintiff's own admission, Sanchez notified
4 Plaintiff why he was in Ad-Seg within three days of being placed there.
5 (*Id.* ¶¶ 9-11). Sanchez's review was informal and non-adversarial; he
6 informed Plaintiff why he had been temporarily confined to Ad-Seg,
7 when he could reasonably expect to be released and took Plaintiff's
8 statement that he wanted to be immediately released. (*Id.* at 3-4 ¶¶ 9-
9 11). Plaintiff's allegation that prison officials did not respond to his
10 grievance within three days is contradicted by Plaintiff's statement that
11 Sanchez spoke to him about the complaints in his grievance regarding
12 Ad-Seg placement within two days. (*Id.* at 3 ¶¶ 6, 9). Defendants gave
13 Plaintiff the notice and hearing Due Process would require in this
14 context if he had stated a protected liberty interest. *See Helms*, 459
15 U.S. at 472. Because Plaintiff's own admissions establish he was not
16 deprived of Due Process for the wrongs alleged in the pleading, his
17 claim fails.

### iii. Proposed Amendments

19    In his Opposition, Plaintiff alleges new facts which could
20 potentially revive his claim regarding his liberty interest in avoiding
21 Ad-Seg placement. (ECF No. 14). Plaintiff's proposed amendments
22 allege that the CDCR has policies and rules in place prohibiting the
23 placement of disabled inmates in Ad-Seg due to lack of bed-space. (*Id.*
24 at 2-3). He alleges in his Opposition that these policies and rules create
25 a liberty interest. (*Id.*). Further, Plaintiff identifies procedures that

CDCR is required to follow when such an event occurs that would expedite release from Ad-Seg. (*Id.* at 2); *see Vitek v. Jones*, 445 U.S. 480, 488 (1980) ("[S]tate statutes may create liberty interests that are entitled to procedural protections of the Due Process Clause of the Fourteenth Amendment."). Plaintiff's proposed amendments suggest amendment of Claim One may not be futile.

Accordingly, the Court **RECOMMENDS** that Defendants' Partial Motion to Dismiss be **GRANTED** as to Claim One and that Claim One be **DISMISSED** with leave to amend to the extent it alleges a liberty interest in avoiding administrative segregation placement that imposes an atypical and significant hardship on Plaintiff.

### B. Claim Two: Freedom of Religion

Defendants do not challenge Claim Two for violation of Plaintiff's freedom of religion.

### C. Claim Three: Due Process against Defendants Cates and Paramo

#### 1. Statement of Facts

On May 9, 2013, Plaintiff was returned to Ad-Seg pending availability of housing in the general population that could accommodate his disability. (*Id.* at 10 ¶¶ 82-83). Plaintiff objected and requested immediate release. (*Id.* ¶¶ 84-85).

Between May 9 and June 10, 2013, Plaintiff requested to be released from Ad-Seg at least ten times. (*Id.* ¶ 90). On May 30, 2013, Plaintiff tried to facilitate his release from Ad-Seg by having his disabled designation removed. (*Id.* ¶ 88). Plaintiff claims he was

willing to suffer physical pain to facilitate his release. (*Id.* ¶ 89). RJD granted Plaintiff's reclassification to non-disabled and released Plaintiff from Ad-Seg on June 10, 2013. (*Id.* ¶ 91).

### 2. Summary of Arguments

Plaintiff argues that Defendants CDCR Director Mathew Cates and RJD Warden Paramo implemented a classification system that resulted in his Ad-Seg placement based solely on his disability. (*Id.* at 11 ¶ 93). Plaintiff further alleges that both Cates and Paramo knew about RJD's housing problem prior to his transfer and that Plaintiff would have to be placed in Ad-Seg because of his disability. (*Id.* ¶ 94). Plaintiff also claims Cates and Paramo never took him to classification, thereby denying him certain privileges which "inmates that were housed in Ad-Seg for disciplinary reason[s] were able to enjoy." (*Id.* ¶ 95). Plaintiff alleges that Cates and Paramo intentionally discriminated against him by placing him in Ad-Seg solely because of his disability and that they were aware that if they placed him in Ad-Seg his mental illness would worsen. (*Id.* ¶¶ 96-97).

Defendants argue that the claim against Cates should be dismissed because Plaintiff fails to allege Cates' personal involvement in the alleged constitutional violations and also argue Plaintiff fails to plead a liberty interest in avoiding Ad-Seg placement. (ECF No. 9 at 3, 4).

Plaintiff names Cates in his individual and official capacities and Paramo only in his individual capacity. (ECF No. 1 at 2). Plaintiff identifies Paramo as "acting under color of law As Warden of A State of

California Prison." (*Id*.). Given the duty of the Court to liberally construe *pro se* pleadings, the Court construes Plaintiff's Complaint as naming Paramo in his official capacity as well. *Thompson*, 295 F.3d at 895.

### 3. Analysis

#### a. Individual Capacity

A state official may be held liable for his own conduct when sued in his individual capacity. *Hafer v. Melo*, 502 U.S. 21, 30 (1991). Individual liability in a § 1983 action attaches only if the plaintiff can show the defendant personally participated in the constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory officials cannot be held liable for the actions of their subordinates under § 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Vague or conclusory allegations of supervisory misconduct are insufficient. *Ivey*, 376 F.2d at 268. It is not enough for a plaintiff to allege that a supervisory official is liable as an individual because he knew about the constitutional violation or created policies and procedures that resulted in the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). The plaintiff must allege a "specific policy" or "specific event" instigated by the defendant official which gave rise to the constitutional violation. *Id*.

Plaintiff fails to sufficiently allege that Cates was personally involved in his Ad-Seg placement. Plaintiff alleges Defendants Cates and Paramo created a "dangerous" classification system that resulted in Plaintiff's Ad-Seg placement solely on the basis of his disability, refused

him access to certain privileges, knew RJD did not have adequate accommodation prior to his transfer, "intentionally" discriminated against him and were aware that if Plaintiff was housed in Ad-Seg his mental illness would worsen. (ECF No. 1 at 11 ¶¶ 93-97). But Plaintiff alleges no facts which could give rise to the inference that Cates was directly involved in his Ad-Seg placement or had any specific knowledge of his circumstances. The Court cannot provide the missing allegations. *Ivey*, 673 F.2d at 268. Plaintiff must provide the Court with "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Plaintiff's bald and conclusory allegations are insufficient to establish individual liability under [] § 1983." *Hydricks*, 669 F.3d at 942 (internal quotations and citations omitted).

In his Opposition, Plaintiff makes a new allegation that Defendant Cates' office was required to review the placements of all prisoners placed in Ad-Seg due to their disabilities. (ECF No. 14 at 2). Plaintiff explains that the "Local Operating Procedure," the "Armstrong Remedial Plan" and the "2007 Armstrong Injunction" required Cates' office to perform an expedited review procedure for each disabled Ad-Seg prisoner. (*Id.* at 2-3). If Defendant Cates had to review each placement personally, then Plaintiff's proposed amendment may be sufficient to revive his claim against Cates as an individual. Accordingly, amendment is not futile.

Accordingly, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss this claim against Defendant Cates in his individual capacity be **GRANTED** without prejudice and with leave to amend.

### b. Official Capacity

State officials who impose allegedly harmful policies may only be sued in their official capacities for prospective injunctive relief. *Hafer*, 502 U.S. at 27. Money damages are not available against state officials for implementing allegedly harmful policies. *Kentucky v. Graham*, 473 U.S. 159, 170 (1985).

Plaintiff fails to request the appropriate relief. Plaintiff seeks $50,000 in money damages against Defendants. (ECF No. 1 at 13). Plaintiff cannot seek money damages from Defendants Cates or Paramo for acting in their official capacities. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71; *Graham*, 473 U.S. at 170. Plaintiff's request for money damages fails as a matter of law.

In addition, Plaintiff seeks injunctive and declaratory relief pertaining only to the denial of his religious meal. (ECF No. 1 at 13). Plaintiff does not seek injunctive and declaratory relief pertaining to this claim concerning his Ad-Seg placements. Even if Plaintiff had requested such relief, his request would be moot because "[o]n or about June 10, 2013 . . . [P]laintiff was released from Ad-Seg." (*Id.* at 10 ¶ 91); s*ee McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (holding a prisoner's release from custody generally terminates his legal interest in prospective injunctive or declaratory relief as a matter of law).

In his Opposition, Plaintiff pinpoints CDCR policies that Defendants allegedly violated when they placed him in Ad-Seg based on his disability and the prison's lack of bed space. (ECF No. 14 at 2-3).

Plaintiff names the policy, how it operates to protect disabled inmates from Ad-Seg placement and how Defendants violated the policy, thereby violating Plaintiff's rights. (*Id*.). Plaintiff's proposed amendments allege that it was Defendants' "practice" to engage in such conduct. (*Id*. at 2). "[I]n an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166. Plaintiff's new allegations, if added to an amended pleading, strengthen his claim but do not address the defect in his requested relief. Nevertheless, the Court recommends permitting leave to amend to allow Plaintiff the opportunity to seek prospective relief, such as an injunction requiring Defendants to restore his disability status without requiring Ad-Seg placement.

Accordingly, the Court **RECOMMENDS** Defendants' Partial Motion to Dismiss Claim Three be **GRANTED** with leave to amend.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Defendants' Partial Motion to Dismiss; and (3) **DISMISSING:**

- Claim One against all Defendants for denial of Due Process arising out of Plaintiff's first Ad-Seg placement <u>without leave to amend</u> to the extent it alleges a liberty interest in the prison grievance process, but <u>with leave to amend</u> to the extent it alleges a liberty interest in avoiding administrative

segregation placement that imposes an atypical and significant hardship on Plaintiff;

- Claim Three against Defendants Cates and Paramo for denial of Due Process arising out of Plaintiff's subsequent Ad-Seg placement with leave to amend; and
- Defendant Cates from the action without prejudice.

If the Court's recommendations are adopted, the following claims will remain **PENDING:**

- Claim Two for violation of Plaintiff's freedom of religion against Defendants Khan and Ojeda arising out of the denial of his religious meal;
- Plaintiff's negligence claim against Khan and Ojeda arising out of the denial of his religious meal;
- Plaintiff's claims arising under RLUIPA against Defendants Khan and Ojeda; and
- Plaintiff's claims arising under the ADA against Defendant Paramo.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **December 23, 2015**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 4, 2016**.  The parties are advised that the failure to file objections within the specified time may waive the right to raise those

1 | objections on appeal of the Court's order.  *See Turner v. Duncan*, 158
2 | F.3d 449, 455 (9th Cir. 1998).
3 |
4 | **IT IS SO ORDERED.**
5 |
6 | Date:   December 2, 2015
7 |
8 | Hon. Mitchell D. Dembin
   | United States Magistrate Judge