UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEVERICK LEWIS,<br><br>                          Plaintiff,<br><br>v.<br><br>CATES, et al.,<br><br>                        Defendants. | Case No.: 15cv791-DMS-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**[ECF No. 22]** |

On June 28, 2017, Plaintiff filed a motion to modify the Scheduling Order. (ECF No. 22). Plaintiff notes that July 10, 2017, is the deadline by which all discovery must be completed in this matter and requests an additional 60 days to meet his discovery obligations. Plaintiff states he "is currently attempting to respond to Defendants [*sic*] discovery request as well as completing his discovery request for multiple Defendants in this matter." (*Id.* at 2). He attaches a declaration stating that he "need[s]" the additional time to fulfill his discovery obligations. (*Id.* at 3).

1

15cv791-DMS-MDD

District Courts have broad discretion to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford–El v. Britton,* 523 U.S. 574, 599 (1988). Scheduling Orders are issued pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to limit the time to join parties, amend pleadings, complete discovery and file motions. FED. R. CIV. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" requirement primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification by showing that, even with the exercise of due diligence, he was unable to meet the deadlines set forth in the order. *See Zivkovic v. So. Cal. Edison Co.,* 302 F.3d 1080, 1087–88 (9th Cir. 2002).

Plaintiff has not shown good cause for modifying the Scheduling Order. He does not identify what discovery has been completed, what discovery remains pending, why the pending discovery has not already been completed, or what discovery Plaintiff intends to complete if an extension were granted. Accordingly, Plaintiff's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: July 6, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge